Magistrate Judge Michelle L. Peterson

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

　　　　　Plaintiff,

　　　v.

DARIUS D. YEARBY,

　　　　　Defendant.

CASE NO.  MJ26-016

COMPLAINT for VIOLATIONS

Title 21, U.S.C. §§ 841(a)(1), 841(b)(1)(C),
Title 18, U.S.C. § 2; Title 18, U.S.C. § 924(c)
Title 21, U.S.C. §§ 841(a)(1), 841(b)(1)(C);
Title 18, U.S.C. § 924(c)

BEFORE, the Honorable Michelle L. Peterson, United States Magistrate Judge, U.S. Courthouse, Seattle, Washington.

The undersigned complainant being duly sworn states:

## COUNT 1

### *(Distribution of a Controlled Substance)*

On or about February 12, 2025, in King County, within the Western District of Washington, DARIUS D. YEARBY did knowingly and intentionally distribute, and aid and abet the distribution of, a controlled substance: cocaine, a substance controlled under Title 21, United States Code.

Complaint – 1
*United States v. Yearby*
USAO No. 2025R01376

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT 2

### *(Carrying a Firearm During and in Relation to a Drug Trafficking Crime)*

On or about February 12, 2025, in King County, within the Western District of Washington, DARIUS D. YEARBY did knowingly possess a firearm, that is: a .38 caliber Smith & Wesson revolver, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, *Distribution of a Controlled Substance*, as alleged in Count 1 above.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 3

### *(Possession of a Controlled Substance with Intent to Distribute)*

On or about October 3, 2025, in King County, within the Western District of Washington, DARIUS D. YEARBY did knowingly and intentionally possess with intent to distribute cocaine, a substance controlled under Title 21, United States Code.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C).

## COUNT 4

### *(Carrying a Firearm During and in Relation to a Drug Trafficking Crime)*

On or about October 3, 2025, in King County, within the Western District of Washington, DARIUS D. YEARBY did knowingly possess a firearm, that is: a 9mm Smith & Wesson semi-automatic handgun, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, *Possession of a Controlled Substance with Intent to Distribute*, as alleged in Count 3 above.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

And the complainant states that this Complaint is based on the following information:

I, Erik Eastgard, being first duly sworn on oath, depose and say:

Complaint – 2
*United States v. Yearby*
USAO No. 2025R01376

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## **INTRODUCTION**

1.    I am a Task Force Officer ("TFO") with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so deputized since April of 2025. I am currently employed as a Police Officer with the City of Seattle and have been so employed since July of 2015. I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516. In my capacity as a Task Force Officer, I conduct investigations of the Controlled Substance Act, that is, Title 21, United States Code, Sections 841, et seq., and related offenses.

2.    I have personally participated in hundreds of investigations, arrests, and seizures relating to the manufacture, distribution, and transportation of controlled substances, and offenses related to controlled substances violations. This includes investigations involving the use of informants, the use of undercover agents, and the execution of search warrants. Through my experience, and through conversations with experienced investigators, I have encountered and have become familiar with various tools, methods, trends, paraphernalia and related articles utilized by various traffickers in their efforts to import, export, conceal and distribute controlled substances. I am also familiar with the manner in which drug traffickers use firearms to conduct their unlawful operations.

3.    I have participated in the debriefing of defendants, witnesses, and informants, during which time I have discussed with them their methods of drug smuggling, distribution, packaging, trafficking, avoiding law enforcement, and laundering proceeds, among other concerns related to drug trafficking. I have discussed and learned from other law enforcement investigators in regard to these matters as well. In addition to practical experience, I have received formal training in controlled

Complaint – 3
*United States v. Yearby*
USAO No. 2025R01376

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

substances enforcement. This includes training regarding controlled substance recognition, field testing, undercover investigations, telecommunications analysis, and surveillance techniques.

4.     I make this affidavit in support of this complaint based both on personal knowledge and on information I have obtained from a review of official reports prepared by other law enforcement officers and/or discussions with those officers. Because this affidavit is made for the limited purpose of establishing probable cause to believe the defendant committed the offenses alleged above, it does not contain all of my knowledge regarding the surrounding circumstances.

## SUMMARY OF PROBABLE CAUSE

### February 2025 - Arrest of DARIUS D. YEARBY

5.     I have reviewed reports, documents, and video footage related to the arrest of YEARBY on February 12, 2025. According to the reports, documents, and video footage I reviewed, on February 12, 2025, members of the Seattle Police Department ("SPD") were conducting an operation in the Belltown neighborhood of Seattle, which is a known controlled substance trafficking area. Based upon my experience and conversations with other officers and community members living and working in the area, the Belltown neighborhood experiences considerable drug trafficking, and as a result, the area experiences other related crime, including assaults and shootings.

6.     This particular operation involved officers, operating in a plain clothes capacity, observing controlled substance with uniformed officers supporting nearby. Each of the officers involved in the operation have attended a law enforcement basic academy where they have received training in drug recognition and related activity. In addition, these officers had prior experience in similar narcotics-focused operations in various roles, whether being an observation officer, undercover officer, or a member of an arrest teams.

Complaint – 4
*United States v. Yearby*
USAO No. 2025R01376

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

7.      On February 12, 2025, an undercover, plain clothes officer conducting surveillance in the area of Second Avenue and Blanchard Street, in Seattle, within the Western District of Washington, reported observing a dark Nissan park in the 200 block of Blanchard Street. The officer reported observing a man, later identified as DARIUS D. YEARBY, get out of the passenger side of the Nissan, while another male, known to the officer based on a prior arrest for distributing controlled substances, got out of the driver's seat of the vehicle.

8.      The officer reported observing YEARBY and the other man walk up and down Blanchard Street and contact other people who had been hanging out on the sidewalks. The officer reported observing YEARBY and the other man each appeared to reach into their jacket pockets and hand unknown objects of a small size to people they contacted. The officer reported the man with YEARBY returned to the driver's seat of the Nissan and then back to the sidewalk. The officer also noted the man with YEARBY accessed the trunk of the vehicle multiple times.

9.      The officer reported observing YEARBY enter the vehicle from the passenger side. The officer noted YEARBY looked down to his lap and concentrated on something. The officer could not see what was in YEARBY's lap at that time because the door obstructed the officer's view. The officer then reported seeing YEARBY with a clear plastic bag with a white substance inside, which the officer believed, based on the officer's training and experience, was crack cocaine.

10.     The officer then reported seeing two men approach the man who had been previously driving the Nissan. The officer reported the man associated with YEARBY turned his back to the street and poured a substance into his hand, which he eventually placed onto a windowsill of a building he was standing near. The officer, using binoculars, noted the substance appeared to be, based on the officer's training and experience, crack cocaine. The officer reported the man associated with YEARBY pointed to the substance for the benefit of the men he was interacting with and then he

Complaint – 5
*United States v. Yearby*
USAO No. 2025R01376

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

accepted an unknown amount of what appeared to be United States currency from one of the two men who approached him.

11.     The undercover officer communicated his observations to a nearby group of uniformed SPD officers. Uniformed officers approached and quickly arrested the man associated with YEARBY. A search of the man, incident to arrest, revealed about $223 in United States currency and a vile, which contained about 4.1 grams of a substance, which later field tested positive for the presence of cocaine.

12.     When officers approached to arrest YEARBY, YEARBY ran from the uniformed officers. While this was occurring, one of the officers heard a loud, metal-sounding noise near the back of the Nissan, where YEARBY had been. The officers eventually caught up to YEARBY and placed him under arrest. A search of YEARBY, incident to arrest, revealed a plastic bag that contained what appeared to be crack cocaine inside a pocket in YEARBY's pants pocket. This substance weighed approximately 2.2 grams. An officer field tested the substance, but did not receive a positive test result, which can indicate that a substance has been heavily diluted. I know from my training and experience, individuals engaged in street-level drug trafficking will sell heavily diluted, or "stepped on" or "bunk" controlled substances, to undiscerning buyers in an effort to stretch the drug trafficker's supply and further increase profits.

13.     YEARBY was also wearing a cross-body bag, which was later searched. Inside the bag, officers found a substance weighing about 7.5 grams, which was field tested and determined to contain cocaine. I further know from my training and experience, that it is common for drug traffickers who are selling "bunk" as well as undiluted controlled substances, to segregate the two versions of the controlled substances possessed for sale to ensure the trafficker does not confuse the two product qualities.

14.     Meanwhile, another officer looked under the Nissan in the area where the officer heard the metal-sounding noise when YEARBY ran from the arrest team. Under

Complaint – 6
*United States v. Yearby*
USAO No. 2025R01376

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the Nissan, the officer reported finding a vile containing what appeared to be a small amount of crack cocaine, and a silver .38 caliber Smith & Wesson revolver loaded with five unfired cartridge casings. A photograph of the revolver and vile found under the Nissan, along with the other items recovered from YEARBY, is pasted below.



15.      The registration for the Nissan showed it was registered to a rental car company. I know from my training and experience that it is common for individuals engaged in trafficking and distributing controlled substances to utilize vehicles to further their enterprise objectives because a vehicle allows them to cover greater geography territory in a shorter period of time. I further know that it is common for individuals engaged in the distribution of controlled substance to use vehicles because the vehicle can act as an object to shield the act of controlled substance distribution to customers. I further know based on my training and experience that because trafficking and distribution of controlled substances is inherently dangerous people engaged in drug trafficking will work together for a common goal. Furthermore, because of the inherent

Complaint – 7
*United States v. Yearby*
USAO No. 2025R01376

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

dangerousness of distributing controlled substances, individuals engaged in drug trafficking often possess firearms to protect their supply of the controlled substances, the proceeds of their sales of controlled substances, themselves and the people they are working with while distributing controlled substances.

16.     I know from my training and experience that 7.5 grams is not a user amount of cocaine. I further know that individuals engaged in the distribution of controlled substances frequently store their products in a fashion, such as a cross-body bag or fanny pack, which allows for easy access to conduct transactions.

### October 2025 – Arrest of DARIUS D. YEARBY

17.     I have also reviewed reports, documents, and video footage related to the arrest of YEARBY on October 3, 2025. According to the reports, documents, and video footage I reviewed, on October 3, 2025, members of the SPD were conducting an operation in Seattle's Belltown neighborhood.

18.     On this date, an officer reported observing a man, later identified as DARIUS D. YEARBY, walk into the area around the 2200 block of Third Avenue in Seattle, within the Western District of Washington. The officer reported seeing YEARBY walk up to a group of individuals who were standing in front of a store playing dice. The officer reported observing YEARBY greet the people.

19.     The officer reported seeing a man flag YEARBY's attention. The officer noted YEARBY and the man appeared to exchange something small from hand to hand. After doing so, the officer saw YEARBY rejoin the group playing dice.

20.     An officer reported seeing another man approach YEARBY. The officer reported the two began to walk down the sidewalk together. The officer reported the two stopped near the undercover officer. The officer reported seeing YEARBY reach into his sweatshirt pocket and remove something small. The officer reported the man with YEARBY removed what appeared to be United States currency from his tote bag. The officer reported seeing the man hand YEARBY United States currency and YEARBY

Complaint – 8
*United States v. Yearby*
USAO No. 2025R01376

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

handed the man a white small rock, which the officer recognized from his training and experience to be crack cocaine. After the exchange, the officer reported YEARBY crossed the street and returned to the group, which had been playing dice.

21.    Uniformed officers arrived to take YEARBY into custody. YEARBY appeared to attempt to flee, but the officers placed him under arrest on the sidewalk. A search incident to arrest revealed about 27.8 grams of a substance which field tested positive for cocaine; about $627 in United States currency; a digital scale; and a loaded, stolen 9mm Smith & Wesson semiautomatic handgun. A still image from body worn video showing the handgun being removed from YEARBY's bag and a photograph of the handgun made safe are pasted below.



Complaint – 9
*United States v. Yearby*
USAO No. 2025R01376

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970



22.     I know from my training and experience that 27.8 grams is not a user amount of cocaine. I further know that individuals engaged in the distribution of controlled substances frequently store their products in a fashion, such as a cross-body bag or fanny pack, which allows for easy access to conduct transactions. I also know that individuals engaged in the sale and distribution of controlled substances use scales to help distribute requested amounts by buyers. Additionally, I know that controlled substance sales on streetscapes are frequently conducted with United States currency and that individuals distributing controlled substances frequently possess United States currency, which constitutes the proceeds of their drug trafficking activities.

//

//

//

Complaint – 10
*United States v. Yearby*
USAO No. 2025R01376

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CONCLUSION

23.    Based on the aforementioned facts, I respectfully submit that there is probable cause to believe that DARIUS D. YEARBY committed the offenses of Distribution of a Controlled Substance, in violation of Title 21, United States Code, sections 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, Section 2; Possession of a Controlled Substance with Intent to Distribute, in violation of Title 21, United States Code, sections 841(a)(1), 841(b)(1)(C); and Carrying a Firearm in During and in Relation to a Drug Trafficking Crime (two counts), in violation of Title 18 United States Code, section 924(c)(1)(A).


ERIK EASTGARD, Complainant
Task Force Officer, ATF


The above-named Task Force Officer provided a sworn statement attesting to the truth of the contents of the foregoing affidavit by reliable electronic means on this 8th day of January, 2026. Based on the Complaint and the sworn statement, the Court hereby finds that there is probable cause to believe the Defendant committed the offenses set forth in the Complaint.

Dated this 8th day of January, 2026.


MICHELLE L. PETERSON
United States Magistrate Judge


Complaint – 11
*United States v. Yearby*
USAO No. 2025R01376

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970